No. 24-6151

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

────────────────────────────────

**FIONA HARVEY,**

*Plaintiff-Appellee,*

v.

**NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,**

*Defendants-Appellants.*

────────────────────────────────

On Appeal from the United States District Court
for the Central District of California, Case No. No. 2:24-cv-04744-RGK-AJR
The Honorable R. Gary Klausner

────────────────────────────────

### DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR LEAVE TO TRANSMIT PHYSICAL EXHIBITS (VIDEO) TO THE COURT

────────────────────────────────

| | |
|---|---|
| Marvin S. Putnam | Gregory G. Garre |
| Laura R. Washington | *Counsel of Record* |
| LATHAM & WATKINS LLP | Peter E. Davis |
| 10250 Constellation Boulevard | Christina R. Gay |
| Suite 1100 | Sakina Haji* |
| Los Angeles, CA 90067 | LATHAM & WATKINS LLP |
| (424) 653-5500 | 555 Eleventh Street, NW |
| | Suite 1000 |
| | Washington, DC  20004 |
| | (202) 637-2207 |
| | |
| | *Admitted in New York; all work supervised by a member of the DC Bar. |

*Counsel for Defendants-Appellants*
*Netflix, Inc. and Netflix Worldwide Entertainment, LLC*

Pursuant to Ninth Circuit Rule 27-14, Defendants-Appellants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, Netflix) request leave to transmit two thumb drives to the Court. Plaintiff-Appellee Fiona Harvey consents to this motion. The first thumb drive contains a true and correct copy of the Netflix series entitled "Baby Reindeer" (the Series). The second thumb drive contains a true and correct copy of Plaintiff-Appellee Fiona Harvey's May 9, 2024 interview on *Piers Morgan Uncensored*. These video files were submitted to and filed in the district court. *See* Dkt. No. 29 (Netflix's Notice of Manual Lodging).

Ninth Circuit Rule 27-14 permits parties to file a motion for leave to transmit physical exhibits to this Court when those exhibits are "not currently available on the electronic district court docket" and are "necessary to resolution of an issue on appeal." 9th Cir. R. 27-14. Both criteria are satisfied here.

First, these video files are "not currently available on the electronic district court docket." *Id.* Since video files cannot be submitted through CM/ECF, Netflix manually lodged thumb drives containing these video files in the district court in connection with its Notice of Motion and Special Motion to Strike Harvey's complaint pursuant to California's anti-SLAPP statute (Motion). *See* Dkt. No. 26; *see also* Dkt. No. 26-5 ¶¶ 2-3, 37 (describing Netflix's lodging of these thumb drives). The district court relied on these video files in deciding Netflix's Motion. *See* Dkt. No. 69 at 4, 9 (citing and relying on these video files).

1

Second, these video files are "necessary to resolution of an issue on appeal." 9th Cir. R. 27-14. This appeal centers on Harvey's claim that "statements" in the Series about the "Martha" character defamed Harvey. *See* Dkt. No. 1 at 2-20, 23-25. Under this Court's precedent, "[w]hen evaluating the threshold question of whether a statement is reasonably capable of sustaining a defamatory meaning, [the Court] must interpret that statement '… within the context in which it is made.'" *Knievel v. ESPN*, 393 F.3d 1068, 1074 (9th Cir. 2005) (citation omitted); *see also Issa v. Applegate*, 31 Cal. App. 5th 689, 703 (2019) (emphasizing the importance of "context" when deciding whether statement was defamatory). It is therefore crucial for this Court to have access to the entire Series when determining whether particular statements within it are defamatory. *See, e.g.*, Netflix Opening Br. 34-35, 38, 40 (citing portions of Series to support argument that challenged statements were not defamatory).

Harvey's May 9, 2024 interview on *Piers Morgan Uncensored* also is relevant to determining whether Netflix's "statements" about Martha were "of and concerning" Harvey—an essential element of Harvey's defamation claim. *See Aguilar v. Universal City Studios, Inc.*, 174 Cal. App. 3d 384, 387 (1985). In this interview, Harvey identified several differences between herself and the Martha character. *See* Dkt. No. 26-5 ¶¶ 2-17 (explaining the interview). These differences bear on whether a reasonable viewer would understand the Martha character was,

2

in fact, Harvey acting as described. *See* Netflix Opening Br. 32-33, 37.

Accordingly, under Ninth Circuit Rule 27-14, Netflix requests permission to transmit to this Court the above-mentioned thumb drives.

Dated: February 26, 2025

Respectfully submitted,

| | |
|---|---|
| Marvin S. Putnam<br>Laura R. Washington<br>LATHAM & WATKINS LLP<br>10250 Constellation Boulevard<br>Suite 1100<br>Los Angeles, CA 90067<br>(424) 653-5500 | */s/ Gregory G. Garre*<br>Gregory G. Garre<br>   *Counsel of Record*<br>Peter E. Davis<br>Christina R. Gay<br>Sakina Haji*<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2207<br><br>*Admitted in New York; all work supervised by a member of the DC Bar. |

*Counsel for Defendants-Appellants*
*Netflix, Inc. and Netflix Worldwide Entertainment, LLC*

3