No. 24-6151

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**FIONA HARVEY,**

*Plaintiff-Appellee*,

v.

**NETFLIX, INC. and NETFLIX WORLDWIDE ENTERTAINMENT, LLC,**

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Central District of California, Case No. 2:24-cv-04744-RGK-AJR
The Honorable R. Gary Klausner

## DEFENDANTS-APPELLANTS' MOTION TO FILE DOCUMENTS UNDER SEAL

Marvin S. Putnam
Laura R. Washington
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Gregory G. Garre
   *Counsel of Record*
Peter E. Davis
Christina R. Gay
Sakina Haji*
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2207

February 26, 2025

*Admitted in New York; all work supervised by a member of the DC Bar.

*Counsel for Defendants-Appellants*
*Netflix, Inc. and Netflix Worldwide Entertainment, LLC*

Pursuant to Circuit Rule 27-13(e), Defendants-Appellants Netflix, Inc. and Netflix Worldwide Entertainment, LLC (collectively, Netflix) respectfully move this Court for an order to file under seal portions of Volume 3 of Netflix's Excerpts of Record, which were previously ordered sealed by the district court. *See* Dkt. No. 32. The limited portions of the documents in this Volume that Netflix seeks to maintain under seal satisfy this Court's standard for sealing because they reflect personally identifiable information of third-party Richard Gadd, Plaintiff-Appellee Fiona Harvey, and other third parties that is not relevant to the substance of this appeal.

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Such compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In particular, "[t]he Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent

exposure to harm or identity theft." *Activision Publ'g, Inc. v. EngineOwning UG*, No. 22-cv-0051, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (citing *Foltz*, 331 F.3d at 1134; *Kamakana*, 447 F.3d at 1184).

Compelling reasons exist to seal limited portions of Volume 3 of Netflix's Excerpts of Record. This Volume consists of a declaration of Gadd, Dkt. No. 35, and twelve exhibits to that declaration, Dkt. Nos. 11, 13, 18-20, 23-30, each of which contains an email from Harvey to Gadd. *See* 3-ER-301–48.[1] In the declaration, Netflix seeks to seal the name of a third party who Gadd believed was stalked and harassed by Harvey, and whose privacy interests are therefore implicated. *See* 3-ER-320. Netflix also seeks to seal the email addresses of Gadd and Harvey that appear in the exhibits. *See* 3-ER-322–48 If made public, especially in light of the high-profile nature of this dispute and the notoriety of Gadd and Harvey, this personally identifiable information "'might . . . become a vehicle for improper purposes,'" including "to gratify private spite," "promote public scandal," and/or "circulate libelous statements." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). This information could be used, for instance, by members of the public to contact and potentially harass Gadd and Harvey through their private email addresses. This concern is especially relevant given that this lawsuit was brought

---

[1] Netflix has highlighted the portions of Volume 3 that it wishes to maintain under seal, pursuant to Circuit Rule 27-13(e).

2

by a prolific stalker and harasser. *See* 3-ER-304–20. Keeping confidential such personal information to protect the privacy interests of Gadd, Harvey, and other third parties is a compelling reason that justifies sealing these documents and outweighs the public's interest in disclosure. *See Kamakana*, 447 F.3d at 1179; *see also United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[P]rivacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (second alteration in original) (citation omitted)).

Moreover, this information has no relevance to the issues on appeal and is properly kept under seal. *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-3962, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) (noting that courts "routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action"); *Opperman v. Path, Inc.*, No. 13-cv-0453, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (protecting "privacy interests of non-parties" by granting request to seal documents containing their "names, email addresses, and phone numbers"); *Ehret v. Uber Techs., Inc.*, No. 14-cv-0113, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting motion to seal "e-mail addresses of Uber employees" because "specific e-mail addresses are not relevant to the merits" of the case).

Netflix's sealing requests are narrowly tailored and reflect the "least restrictive scope of sealing" necessary to protect the personally identifiable

3

information of Gadd, Harvey, and other third parties, and to prevent this information from becoming a vehicle for improper purposes. 9th Cir. R. 27-13(e). Netflix seeks to seal only the name of a third party that appears in one of 69 paragraphs in Gadd's declaration, and only the email addresses of Gadd and Harvey that appear in the exhibits to that declaration. It does not otherwise seek to seal the substance of those documents. The district court concluded that "compelling reasons justif[ied] sealing" this information because it contained "third party personally identifiable information and/or information that might become a vehicle for improper purposes." *See* Dkt. No. 32 at 2. It therefore granted Netflix's application to file this information under seal. *Id*. Netflix seeks to maintain under seal the same information in this Court.

For the foregoing reasons, Netflix respectfully requests that the Court grant the motion to file under seal portions of Volume 3 of Netflix's Excerpts of Record.

4

Dated: February 26, 2025

Marvin S. Putnam
Laura R. Washington
LATHAM & WATKINS LLP
10250 Constellation Boulevard
Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Respectfully submitted,

/s/ Gregory G. Garre
Gregory G. Garre
   *Counsel of Record*
Peter E. Davis
Christina R. Gay
Sakina Haji*
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2207

*Admitted in New York; all work supervised by a member of the DC Bar.

*Counsel for Defendants-Appellants*
*Netflix, Inc. and Netflix Worldwide Entertainment, LLC*

5

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 24-6151

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Defendants-Appellants' Motion to File Documents Under Seal
Excerpts of Record Volume 3

**Signature** | s/ Gregory G. Garre    **Date** | Feb. 26, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 15                                                                 Rev. 12/01/2018